# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JUAN B. PEREZ, )
)
      Plaintiff, )
) CIVIL ACTION
v. )
) No. 13-1145-KHV
WEST PLAINS TRANSPORT, INC., )
)
      Defendant, )
)
and CROWLEY LOGISTICS, INC., )
)
      Defendant-Intervenor. )
_____)

## MEMORANDUM AND ORDER

On August 27, 2013, Magistrate Judge James P. O'Hara entered an order that plaintiff show cause why this case should not be dismissed for lack of subject matter jurisdiction. Order To Show Cause (Doc. #30). Judge O'Hara noted that the complaint alleges diversity jurisdiction under 28 U.S.C. § 1332, which appeared to be satisfied when the case was filed, but he questioned whether that changed when the Court allowed Crowley Logistics, Inc. to intervene as a defendant as a matter of right. See Order (Doc. #13).

**I.    The Parties' Responses**

In his response, plaintiff concedes that he is a citizen of the State of Florida and the principal place of business of Crowley Logistics, Inc. is Florida. Plaintiff's Response To Order To Show Cause (Doc. #32) filed September 9, 2013. Plaintiff takes the position that the case no longer "involves citizens of different states," 28 U.S.C. § 1332, and that this Court lacks subject matter jurisdiction.

West Plains and Crowley do not share plaintiff's view. According to West Plains, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a), which states in relevant part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). See Defendant West Plains Transport Inc.'s Response To This Court's Order To Show Cause (Doc. #33) filed September 28, 2013.

Crowley argues that this Court retains jurisdiction pursuant to 28 U.S.C. § 1367(a) and controlling case law because Crowley is not a necessary party under Federal Rule of Civil Procedure 19. Crowley quotes the following Tenth Circuit language in support of its argument:

> The issue before us, therefore, is whether the joinder of Deseret News destroyed the district court's subject matter jurisdiction over the case. It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant. Moreover, diversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action. However, diversity jurisdiction will be destroyed if it is determined that the later-joined, non-diverse party was indispensable to the action at the time it commenced. Harris v. Ill.-Cal. Express, Inc., 687 F.2d 1361, 1367 (10th Cir. 1982) ("Once jurisdiction is grounded in diversity, it is not lost by the intervention . . . of a party whose presence in the action is not indispensable.").

Salt Lake Tribune Publ'g Co., LLC v. AT&T Corp., 320 F.3d 1081, 1095-96 (10th Cir. 2003) (internal quotations and citations omitted). The court concluded that Deseret News was not a necessary party under Rule 19 and thus by definition it could not be an indispensable party. Id. at 1097-98.

**II.    Analysis**

In this case, plaintiff sues West Plains for negligence for injuries which he allegedly sustained when he fell from the top of a milk tanker after West Plains employees allegedly failed to properly secure a latch on the tanker. Under a Milk Hauling Agreement, Crowley subcontracted with West Plains to provide milk transportation services for Crowley milk producers. Crowley

2

asserts that the Milk Hauling Agreement obligates West Plains to indemnify it for plaintiff's claims. Plaintiff also filed a civil action for the same injuries, against Crowley, in Miami-Dade County, Florida.

After Magistrate Judge O'Hara entered his order permitting Crowley to intervene as of right in this case, Crowley filed an answer to plaintiff's complaint. See Defendant-Intervenor Crowley Logistics, Inc.'s Answer To Plaintiff's Complaint (Doc. #18) filed June 27, 2013. Crowley and plaintiff clearly have adverse positions, and Crowley is correctly aligned as a defendant-intervenor in this case.

Plaintiff's position – that Crowley's presence deprives the Court of jurisdiction – is not supported in case law. See Salt Lake Tribune, 320 F.3d at 1096 (diversity jurisdiction, once established, not defeated by addition of non-diverse party). West Plains and Crowley each touch on the reason that this Court is not stripped of jurisdiction, which has as its foundation the ancillary jurisdiction principles in effect before 28 U.S.C. § 1367, the supplemental jurisdiction statute, was enacted. Section 1367 codifies case law doctrines of pendent and ancillary jurisdiction in what the statute terms supplemental jurisdiction:

> Section 1367 now defines the rules for a federal court's supplemental jurisdiction over claims by intervenors. In a case founded solely on the court's diversity jurisdiction, the claims of a party who intervenes as a defendant, of right or permissively, are within the court's supplemental jurisdiction if part of the same case or controversy as the claims in the original action.

Conseco v. Wells Fargo Fin. Leasing, Inc., 204 F. Supp. 2d 1186, 1193 (S.D. Iowa 2002). Magistrate Judge O'Hara concluded that Crowley's claims are part of the same case or controversy as the claims in the original action, see Doc. #13 at 4-6, and Crowley's answer confirms that conclusion. See Defendant-Intervenor Crowley Logistics, Inc.'s Answer To Plaintiff's Complaint (Doc. #18) filed June 27, 2013 (denying liability for plaintiff's injuries as alleged in complaint and asserting affirmative defenses thereto). Accordingly, this Court has supplemental jurisdiction over

plaintiff's claims against Crowley.

For the foregoing reasons, the Court retains subject matter jurisdiction over this case.

Dated this 6th day of January, 2014 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge