IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUAN B. PEREZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 13-1145-KHV |
| WEST PLAINS TRANSPORT, INC., | ) ) ) |
| Defendant, | ) ) |
| and CROWLEY LOGISTICS, INC., | ) ) |
| Defendant-Intervenor. | ) ) |

# ORDER

In this diversity case, the plaintiff, Juan B. Perez, brings a negligence claim against the defendant, West Plains Transport, Inc. Perez alleges that West Plains's employees failed to properly secure a latch on top of a milk tanker that Perez was driving, and that while inspecting the latch, Perez fell and was injured. Crowley Logistics, Inc., the corporation that contracted with West Plains for West Plains to perform milk hauling services, was permitted to intervene as a defendant in this action.[1] Crowley has filed a motion to join two additional parties as defendants—Dairy Farmers of America ("DFA"), the dairy cooperative that arranged for the milk to be hauled, and Southwest Milk Logistics, a subsidiary of DFA **(ECF doc. 28)**. Because Crowley has failed to demonstrate that DFA and Southwest Milk

---

[1]ECF doc. 13 (permitting intervention under Fed. R. Civ. P. 24(a)(2)).

are necessary parties to this action, the motion is denied.

## I. Background

The milk at issue in this action originated from Southwest Plains Farms in Syracuse, Kansas. Southwest Plains Farms is a member of DFA. DFA is broken into seven "member councils," with Southwest Milk being the council that arranges for the transportation of milk in Texas, New Mexico, and part of Kansas. Southwest Milk contracted with Crowley for transportation services. Crowley, in turn, executed a milk-hauling agreement with West Plains for West Plains to satisfy Crowley's hauling commitments. Finally, West Plains brokered with trucking company I.M. Transport, Perez's employer, to provide certain transportation services.

On July 11, 2011, employees of West Plains went to Southwest Plains Farms and loaded milk into a milk tanker, which they then transported to a drop yard owned by DFA. Perez went to the drop yard, hooked the milk tanker to his tractor, and began driving to a scheduled delivery location in Texas. The next day, Perez noticed that milk was leaking from the top of the tanker. At a truck stop in Texas, Perez climbed to the top of the tanker in an attempt to correct the leak. Perez slipped from the top of the tanker and sustained personal injury and other damages.

On September 9, 2011, Perez filed suit in the court of Miami-Dade County, Florida (No. 2011-28835-CA-01) against Crowley for the injury and damages he allegedly sustained in the fall. Perez alleged that Crowley owned the milk tanker and that the tanker had a

defective hatch.[2] Perez later amended his Florida state complaint to add DFA as a defendant. Crowley then filed a cross-claim for indemnity and contribution against DFA and a separate third-party complaint against West Plains for indemnity and contribution. The Florida court dismissed West Plains from that action, however, finding that West Plains did not have minimum contacts with Florida so as to submit itself to jurisdiction there. Perez filed the instant federal action against West Plains on April 17, 2013.

Crowley's motion in this case seeks to join DFA and Southwest Milk as defendants "so as to ensure a full and proper adjudication of the plaintiff's claims."[3] Crowley asserts that this is the only court with jurisdiction over all potentially responsible parties (i.e., Crowley, West Plains, DFA, and Southwest Milk). Crowley argues that because its "defense necessarily relies on comparing the fault of multiple other parties, it is necessary that the Court bring all potentially liable parties into this lawsuit."[4] Neither plaintiff nor West Plains has filed a response to the motion.

### II. Analysis

Crowley seeks to join DFA and Southwest Milk as defendants under Fed. R. Civ. P. 19(a) and Fed. R. Civ. P. 20(a)(2). Neither of these rules, however, provides a successful path for joining the requested parties.

---

[2] In Crowley's memorandum in support of its motion to join additional parties, Crowley alleges that the milk tanker is actually owned by a company named SEMO.

[3] ECF doc. 28 at 1.

[4] ECF doc. 29 at 2–3.

Crowley's request for permissive joinder under Rule 20(a)(2) is easily rejected. The Tenth Circuit has unequivocally held that relief "under Rule 20 is a right belonging to plaintiffs," not defendants.[5] Thus, Crowley, an intervening defendant, may not join parties under the rule.

Rule 19(a) generally is available to defendants when an action should not proceed without the addition of a particular person as a defendant, but the requirements of that rule are not met here. Rule 19(a)(1) states:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that the disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Crowley has not addressed whether DFA and Southwest Milk are subject to service of process, nor whether the addition of either would deprive the court of subject-matter jurisdiction in this diversity case. But, in any event, Crowley has not met its burden of showing that either sub-part (A) or (B) of the rule is satisfied.

First, under sub-part (A), Crowley has not demonstrated that the court cannot accord

---

[5] *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983); *Admin.Comm. of the Wal-Mart Associates Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 515 (D. Kan. 2003) ("Rule 20(a) would not be appropriate in this case because Willard, as a defendant, cannot use Rule 20(a) to join Wal-Mart.").

complete relief among the existing parties. Crowley's argument for joinder seems to be that the addition of DFA and Southwest Milk is necessary so that the comparative fault of all potentially liable parties may be determined in a single action. It is true that under Kansas comparative negligence law "the proportionate fault of all persons concerned can and must be determined in a single proceeding."[6] However, it is well-established that the determination of proportionate fault may be made without the presence of all potentially liable persons.[7] Instead of permitting joinder of other potentially liable persons, Kansas federal courts have "consistently adhered to the 'phantom party' concept" in determining comparative negligence.[8] Thus, Crowley has not demonstrated that the joinder of DFA and

---

[6]*Hefley*, 713 F.2d at 1498; *see also* K.S.A. § 60-258a(d) ("When the comparative negligence of the parties is an issue and recovery is permitted against more than one party, each party is liable for that portion of the total dollar amount awarded as damages to a claimant in the proportion that the amount of that party's causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is permitted.").

[7]*Hefley*, 713 F.2d at 1498; *Bremenkamp v. Beverly Enterprises-Kan., Inc.*, Nos. 89-2006, 89-2060, 1989 WL 103643, at *2 (D. Kan. Aug. 9, 1989) (finding Rule 19(a)(1) inapplicable because "complete relief can be accorded among those already parties because under the Kansas comparative negligence statute, in determining [defendant]'s negligence the court may take into account the negligence of non-parties").

[8]*Baird v. Phillips Petroleum Co.*, 535 F. Supp. 1371, 1378 (D. Kan. 1982) (quoting *Stueve v. Am. Honda Motors Co.*, 457 F. Supp. 740, 750 (D. Kan. 1978)); *see also Stadtherr v. Elite Logistics, Inc.*, No. 00-2471, 2002 U.S. Dist. LEXIS 8470, at *10 (March 26, 2002) ("Formal joinder is not a prerequisite to a determination of comparative fault."); *Bremenkamp*, 1989 WL 103643, at *2 (holding potentially liable persons need not be joined to apply the Kansas comparative negligence statute); *Green Constr. Co. v. Kan. Power & Light Co.*, No. 87-2070, 1989 WL 48850, at *2–3 (D. Kan. April 13, 1989) (allowing joint tortfeasors to be "phantom parties," but disallowing formal joinder).

Southwest Milk is necessary for the court to accord complete relief among existing parties.

Second, under sub-part (B), Crowley has not demonstrated that either DFA or Southwest Milk is claiming an interest relating to the subject of this action. Although Crowley expresses concern that it could be "subject to inconsistent obligations if the action is adjudicated in Florida,"[9] Crowley does not explain how these alleged obligations will occur "because of [an] interest" claimed by either DFA or Southwest Milk.[10] Because neither DFA nor Southwest Milk has claimed an interest in this action, sub-part (B) does not apply.[11]

Finally, the court denies Crowley's motion for joinder because, even if Crowley had demonstrated that DFA and Southwest Milk were necessary parties under Rule 19(a), Crowly has wholly failed to address the second step of a Rule 19 analysis: whether joinder

---

[9]ECF doc. 29 at 9.

[10]*See Thompson v. United Transp. Union*, No. 99-2288, 2000 WL 382033, at * (D. Kan. March 30, 2000) (denying a defendant's motion to join potentially liable company because the defendant did not demonstrate that company claimed an interest in the litigation, nor that defendant was subject to double obligations by reason of an interest claimed by company).

[11]*Hefley*, 713 F.2d at 1498–99 (denying joinder of persons who did not claim an interest in the action); *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) ("Joinder is contingent upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action." (internal citation and quotation omitted)). *See also Bremenkamp*, 1989 WL 103643, at *2 (finding no risk of inconsistent verdicts against defendant from parallel state-court action involving both defendant and other potentially liable parties because whichever action reached judgment first "will be asserted as *res judicata* in the other").

of DFA and Southwest Milk is "feasible."[12]  Feasibility considers questions of jurisdiction and venue.  Crowley has not indicated the citizenship of DFA or Southwest Milk, nor, as noted above, addressed whether the court could retain subject-matter jurisdiction if the two were added as defendants in this diversity-based action.[13]

IT IS THEREFORE ORDERED that Crowley's motion for joinder of DFA and Southwest Milk is denied.

Dated January 8, 2013, at Kansas City, Kansas.

                                      s/ James P. O'Hara
                                      James P. O'Hara
                                      U.S. Magistrate Judge

---

[12] *Davis v. United States*, 192 F.3d 951, 957 (10th Cir. 1999) ("When applying Rule 19, a district court must first determine whether the absent party is necessary to the lawsuit and, if so, whether joinder of the absent party is feasible.").

[13] If joinder were found not feasible, the court would then go on to determine whether DFA and Southwest Milk are "indispensable," i.e., "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).